UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CRAIG & SHARON BLAIR                         CIVIL ACTION

VERSUS                                        NO: 09-395

STATE FARM FIRE AND CASUALTY                  SECTION: "J" (5)
INSURANCE COMPANY

**ORDER AND REASONS**

Before the Court is Defendant's **Motion to Dismiss with Prejudice** (Rec. D. 14) and Plaintiffs' **Motion for Leave to File Witness and Exhibit List Out of Time** (Rec. D. 13). Having considered the motions, legal memoranda, the record, and the law, the Court finds that Defendant's Motion to Dismiss should be **DENIED** and Plaintiffs' Motion for Leave be **GRANTED.**

**BACKGROUND**

This action is one of hundreds of Hurricane Katrina insurance coverage disputes brought against State Farm by the Hurricane Legal Center ("HLC") in August of 2007. Originally, these suits were included in a mass joinder suit entitled <u>Aguda v. State Farm Fire & Casualty Insurance Company</u>, No. 07-4457. These suits underwent numerous procedural steps as the actions were consolidated with the <u>Katrina Canal Breaches Consolidated Litigation</u>, No. 05-4182, subsequently deconsolidated, and eventually severed from one another on December 30, 2008 with the remaining plaintiffs ordered to file individualized complaints.

The current lawsuit was filed January 28th, 2009. (Rec. Doc. 1). On July 29th, 2009, this Court entered a scheduling order laying out various deadlines for the litigants. (Rec. D. 6).

Defendant alleges that Plaintiffs have failed to comply with several pretrial deadlines which has hampered its ability to prepare for trial. Plaintiffs aver that they making every attempt to comply.

### DISCUSSION:

Defendant argues that the Court should dismiss Plaintiffs' claims against them as a sanction pursuant to Federal Rules of Civil Procedure 41(B) which provides:

> Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule--except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19-- operates as an adjudication on the merits. USCS Fed Rules Civ Proc R 41

However, the Supreme Court has opined that "whether a court has power to dismiss a complaint because of noncompliance with a production order depends exclusively upon Rule 37" without resort to the more general Rule 41. <u>Societe Internationale Pour Participations Industrielles Et Commerciales, S. A. v. Rogers</u>, 357 U.S. 197, 207 (1958). "The dismissal of an action with prejudice is a drastic remedy and should be applied only in extreme circumstances." <u>Bon Air Hotel v. Time</u>, 376 F.2d 118, 121 (5th Cir. 1967).

The Court has wide discretion when choosing whether to impose a sanction pursuant to Federal Rules of Civil Procedure 37. <u>Morton v. Harris</u>, 628 F.2d 438, 440 (5th Cir. Ga. 1980)

In applying Rule 37 the Fifth circuit has made clear that dismissal is only authorized when "the failure to comply with the court's order results from willfulness or bad faith . . . . [and] where the deterrent value of Rule 37 cannot be substantially achieved by the use of less drastic sanctions." <u>Smith v. Smith</u>, 145 F.3d 335, 344 (5th Cir. 1998) (citation omitted).

In order to promote compliance with judicial orders, preserve judicial resources but refrain from becoming excessively punitive, the Court finds that the best course of action is to stay the proceedings until the parties have complied with the order.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss is **DENIED.**

**IT IS FURTHER ORDERED** that this case be **STAYED** and all pretrial dates, including the pretrial conference set for February 25, 2010 and trial set for March 22, 2010, are **VACATED.** Once Plaintiffs have complied with all outstanding requests for depositions, admissions, inspections, and expert witness reports, upon motion from either party, the Court will reopen this matter.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Leave to File Witness and Exhibit List Out of Time be **GRANTED.**

New Orleans, Louisiana, this the 22nd day of February 2010.

                                              CARL J. BARBIER
                                              UNITED STATES DISTRICT JUDGE